## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JAMES ODOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-07-554-R** |
| | ) | |
| **HARTMUT "HARDY" THEODOR** | ) | |
| **ROSE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>O R D E R</u>

Before the Court is Plaintiff's motion for partial summary judgment against
Defendants [Doc. No. 65] for violations of the registration provisions of the Oklahoma
Securities Act by selling unregistered, nonexempt securities. Pursuant to stipulation [Doc.
No. 81], Plaintiff has dismissed without prejudice all of his claims against Defendant
Hartmut "Hardy" Theodor Rose. *See* Doc. No. 82. Thus, Plaintiff's motion is directed only
to his registration claims against Defendants Bradley Eugene Morgan and James Patrick
Ready. Neither of those Defendants have filed responses to Plaintiff's motion. Based upon
the record herein, the Court finds that the following facts are undisputed and enters the
following conclusions of law.

Plaintiff James Odor purchased interests in the following general partnerships which
were formed for the purpose of investing in oil and gas exploration and production: The Geo-
Wilcox #1 Joint Venture (GWJV No. 1); the GWJV No. 2; the GWJV No. 3; the GWJV No.
4; the GWJV No. 5; the Geo-Wilcox Navarro No. 1 Joint Venture ("GWNJV"); the Geo-

Wilcox Marathon-Derry No. 1 Joint Venture ("GMDJV"); and the Geo-Wilcox Shereda No. 1 Joint Venture ("GWSJV"). Plaintiff purchased these interests in Oklahoma. The partnership interests in the Geo-Wilcox joint ventures are securities within the meaning of the Oklahoma Securities Act, Okla. Stat. tit. 71, § 1 *et seq* (repealed effective July 1, 2004), *see* Okla. Stat. tit. 71, § 2(v)(11), (15) and (17), and within the meaning of the Oklahoma Uniform Securities Act of 2004 (effective July 4, 2004), *see* Okla. Stat. tit. 71, § 1-102 (32)(d), (f) and (g). *See generally S.E.C. v. J.W. Howey Co.*, 328 U.S. 293, 298, 66 S. Ct. 1100, 90 L.Ed. 1244 (1946). Plaintiff was not engaged in the oil and gas business.

None of the Geo-Wilcox joint ventures or the interests in them which were sold were registered with the Oklahoma Department of Securities. However, Form D "Notice of Sale of Securities Pursuant to Regulation D, Section 4(6), and /or Uniform Limited Offering Exemption" was filed with the Oklahoma Department of Securities for the GWJV Nos. 2, 3, 4, and 5, and GMDJV and GWNJV.

Section 301 of Title 71 of the Oklahoma Securities Act and Section 1-301 of the Oklahoma Uniform Securities Act of 2004 make it "unlawful for any person to offer or sell any security in this state" unless it is registered under that Act, the security, transaction or offer is exempt from registration under that Act or it is a "federal covered security." Okla. Stat. tit. 71, § 301 (repealed); Okla. Stat. tit. 71, § 1-301. The National Securities Market Improvement Act of 1996 ("NSMIA") expressly preempts state laws that concern the registration or qualification of "covered securities." 15 U.S.C. § 77r(a). Among the covered

securities contemplated in the NSMIA are those described in 15 U.S.C. § 77r(b)(4)(D), which

provides as follows

> A security is a covered security with respect to a transaction that
> is exempt from registration under this subchapter pursuant to .
> . . Commission rules or regulations issued under Section 77d(2)
> of this title . . . .

15 U.S.C. § 77r(b)(4)(D).

SEC Regulation D, 17 C.F.R. § 230.506 and Rule 506 provide for an exemption from

registration which would make a security a "covered security" under 15 U.S.C. §

77r(b)(4)(D) and thus within the preemption provision of the NSMIA, 15 U.S.C. § 77r(a).

However, as with any registration exemption, the person asserting an exemption has the

burden of proving it. *See generally Wilson v. Al McCord Inc.*, 858 F.2d 1469, 1475 (10th

Cir. 1988); *Cook v. Bishop*, 764 P.2d 189, 190 (1988); Okla. Stat. tit. 71, § 401(f); Okla. Stat.

tit. 71, § 1-503(a); Long, 12 Blue Sky Law 7:27 and 7:31(2003).   Thus, the burden of

asserting and proving that the interests in the GWJV Nos. 2, 3, 4 and 5, GMDJV and

GWNJV complied with Regulation D, were therefore covered securities under federal law

and thus that federal preemption applies is on the parties claiming such federal exemption

and preemption. *Grubka v. WebAccess International, Inc.*, 445 F.Supp.2d 1259, 1269-70 (D.

Colo. 2006) (citing *Hamby v. Clearwater Consulting Concepts, LLLP*, 428 F.Supp.2d 915,

920-21 (E.D. Ark. 2006) and *Buist v. Time Domain Corp.*, 926 So.2d 290, 296 (Ala. 2005)).

*But cf. Pinnacles Communications International, Inc. v. American Family Mortgage Corp.*,

417 F.Supp.2d 1073 (D. Minn. 2006); *Lillard v. Stockton*, 267 F.Supp.2d 1081, 1116 (N.D.

3

Okla. 2003); *Temple v. Gorman*, 201 F.Supp.2d 1238 (S.D. Fla. 2002) (if securities are

purported to be offered or sold pursuant to Rule 506 of Regulation D promulgated by the

SEC the securities are covered securities and preemption applies without any requirement

that the securities actually comply with the substantive requirements of Regulation D or Rule

506).   In this case, Defendants have the burden of showing that the securities which were

purportedly exempt from federal registration under SEC rules or regulations and therefore

were "covered securities" for which the NSMIA preempts the application of state law

concerning securities registration and/or the burden of showing that state laws exempts the

securities, transactions and/or offers from the registration requirements of the Oklahoma

Securities Act or the Oklahoma Uniform Securities Act of 2004.   Defendants have wholly

failed to meet their burden of proof.

Plaintiff seeks summary judgment against Defendants on the grounds that they are the

persons who sold the unregistered security herein, *see* Okla. Stat. tit. 71, §§ 301 and

408(a)(1) (repealed); Okla. Stat. tit. 71, §§ 1-301 and 1-509(B); and/or because Defendants

directly or indirectly controlled the persons who sold the securities and are therefore jointly

and severally liable with them, Okla. Stat. tit. 71, § 408(b); Okla. Stat. tit. 71, § 1-509(G)(1);

and/or were managing partners, executive officers or directors of such sellers and are

therefore jointly and severally liable with them, Okla. Stat. tit. 71, § 1-509(G)(2); and/or

materially participated or aided in the sale of unregistered securities and are therefore jointly

and severally liable with the sellers.   Okla. Stat. tit. 71, § 408(b); Okla. Stat. tit. 71, § 1-

509(G)(5).  In order to establish that Defendants Morgan or Reedy are secondarily liable, that

is, jointly and severally liable with the person who sold unregistered securities as control

persons or material participants/aiders, Plaintiff must establish liability on the part of the

seller. *See South Western Oklahoma Development Authority v. Sullivan Engine Works, Inc.*,

910 P.2d 1052, 1055-58 (Okla. 1996); *Nikkel v. Stifel Nicolaus & Co.*, 542 P.2d 1305, 1309

(Okla. 1975).

The Court has already concluded that the GWJV interests were securities, that they

were not registered and that no exemption or preemption has been proved.  The Court has

already also found that such securities were sold to Plaintiff.  The Court must now determine

who the person(s) were who sold such securities in violation of Section 301 or Section 1-301

of the applicable Act and is liable under Section 408(a) or Section 1-509(B) of the applicable

Act.

The private placement memoranda for the GW joint ventures all state as follows:

> The Geo Companies of North America, Inc. ("Manager")
> or its affiliate, Geonatural Resources, Inc., . . . will serve as
> Manager and Operator and will conduct and supervise all oil
> field operations contemplated herein.

> Private Placement Memorandum for each GW Joint Venture at p. 1.

The Private Placement Memorandum for each joint venture indicates on its fact that

the interests are offered and will be sold by Geo Companies of North America, Inc.  The

Subscription Agreements for each joint venture contained a provision making the Geo

Companies of North America, Inc. the agent and attorney-in-fact for a purchaser of an

interest in such joint venture.  The Private Placement Memorandum for each joint venture

lists Geo Securities, Inc. as the broker dealer for each private offering.  Defendant Hartmut
"Hardy" Theodor Rose has attested that the Geo Companies of North America, Inc. "has
syndicated general partnership interests to fund the exploration and development of wells .
. . ." Declaration of Hartmut Theodor Rose dated January 27, 2005 (Exhibit "2" to Plaintiff's
Motion) at p. 2.  The "Form Ds" filed with the Oklahoma Department of Securities for the
GWJV-2, GWJV-3, GWJV-4, GWJV-5, GMDJV and GNJV all list Brad Morgan as an
Executive Officer of the corporate issuer(s).

Defendant Morgan has admitted that he was at all relevant times President and
Director of Geo Securities.  Defendant Reedy was at all times herein Senior Vice President
and a shareholder of Geonatural Resources, Inc. and Senior Vice President of Accounts,
registered sales representative and sales manager of Geo Securities and a registered
broker/dealer.

Based upon these findings, the Court concludes that Geo Companies of North
America, Inc. and Geonatural Resources, Inc. sold the securities at issue, i.e., interests in the
GW joint ventures, to Plaintiff and that those entities are liable as persons who sold securities
in violation of Section 301 and/or Section 1-301 of the Acts.  *See* Okla. Stat. tit. 71 § 408(b);
Okla. Stat. tit. 71, §1-509(B).[1]  However, it is undisputed that Defendants Morgan and Reedy
along with Hartmut Theodore Rose successfully solicited Plaintiff to purchase interests in
the GW joint ventures and were motivated in part by a desire to serve their own financial

---

[1]According to the Oklahoma Supreme Court, the seller of securities is the issuer rather than the
broker-dealer. *Musson v. Rice*, 739 P.2d 1004 (Okla. 1987).

interest or those of the securities issuer.  As such, Defendants Morgan and Reedy may be regarded as sellers, *see Pinter v. Dahl*, 486 U.S. 622, 647, 108 S. Ct. 2063, 100 L.Ed.2d 658 (1988), who are liable under Section 408(a) and Section 1-509(B).

The Court further finds that Defendants Morgan and Reedy were at all relevant times executive officers or persons having similar status or performing similar functions for the corporations that were sellers of the securities and liable under § 408(a) and § 1-509(B) and persons who directly or indirectly controlled the seller corporations.  *See* Okla. Stat. tit. 71, § 408(b); Okla. Stat. tit. 71, § 1-509(G)(1) and (2).  The Court further finds that those Defendants solicited Plaintiff to purchase and made representations to him to induce his purchase of those securities.  Affidavit of James Odor (Exhibit "1" to Plaintiff's Brief) at ¶ 2, 3, 6 , 16 and 22, and thereby materially participated or aided in the sale of unregistered securities by Geo Companies of North America, Inc. and Geonatural Resources, Inc.  Finally, the Court finds that Defendant Morgan was a broker, dealer or agent who materially aided in the sale of the unregistered securities.  Defendants Morgan and Reedy have not demonstrated that they did not know or in the exercise of reasonable care could not have known that the corporate sellers were selling securities which were not registered.  Accordingly, the Court concludes that Defendants Morgan and Reedy are jointly and severally liable with Geo Companies of North America, Inc. and Geonatural Resources, Inc. for selling securities in violation of Section 301 or 1-301, *see* Okla. Statu tit. 71, § 408(b); Okla. Stat. tit. 71, § 1-509(B) pursuant to Okla. Stat. tit. 71, § 408(b) and Okla. Stat. tit. 71, § 1-509(G)(1), (2), (4) and (5).

Plaintiff tendered all of his securities and all benefits, if any, he received as a result of purchase of the securities in his Complaint, see ¶ 32, and Amended Complaint, *see* ¶ 76. In accordance with this tender and the findings and conclusions herein, Plaintiff is entitled to recover the consideration he paid for the securities together with interest thereon at the legal rate from the date of the purchase until paid, less the amount of any income received on the securities, plus costs and reasonable attorneys' fees, to be determined by the Court. *See* Okla. Stat. tit. 71, § 408(a)(1)(A); Okla. Stat. tit. 71, § 1-509(B)(1). According to the evidence before the Court, Plaintiff paid $577,950 in consideration for the securities, yet Plaintiff states that he "should be awarded $562,334.13 in rescission," Motion at p. 30, and the state court judgment for damages against the Geo entities is for $646,471.13. *See* Judgment (Exhibit "19" to Plaintiff's Motion). Accordingly, the amount Plaintiff is entitled to recover for consideration paid minus income received remains for determination upon a subsequent motion or at trial.

In accordance with the foregoing, Plaintiff's motion for partial summary judgment [Doc. No. 65] is GRANTED in part and DENIED in part. The motion is DENIED as moot to the extent it seeks a determination of the liability of Defendant Hartmut "Hardy" Theodor Rose on Plaintiff's state law claims for the sale of unregistered securities. Plaintiff's motion is GRANTED with respect to the liability of Defendants Bradley Eugene Morgan and James Patrick Reedy under Oklahoma law for the sale of unregistered securities. To the extent

Plaintiff by his motion seeks a determination of the amount of "rescissionary damages" for which Defendants Morgan and Reedy are liable, Plaintiff's motion is DENIED.

IT IS SO ORDERED this 20th day of June, 2008.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE